Thank you so much.  Okay. Our last matter for today, at least to be argued, is Terraform. And Mr. Henkin, are you ready? I see that you've reserved three minutes. Is that correct, sir? Good morning, Your Honor. May I please the Court? Thank you, yes. I have reserved three minutes. Douglas Henkin for the appellants in this case. The core issue in this case is whether the SEC should be required to follow its own rules. And rules matter, as Your Honors all know. They matter in this Court where briefs and even entire appeals can be rejected for failing to follow the federal rules of appellate procedure and local rules. And rules about compulsory... Did you ever file a notice of appearance in this case? Excuse me, Your Honor? Did you ever file a notice of appearance? Yes. What happened was there was a notice of appearance that was filed that comported with the rules and specifically Rule 102D2, which stated that counsel was appearing in this matter and provided contact information, both email, telephone and address. Wait a minute. I'm sorry. This is really important to me, and I apologize if this sounds a little more pointed or sharp than I mean to be. What I am hearing and what I gleaned from the papers was that you suggest that there's a little bit of fuzziness with respect to filing a notice of appearance. You even just said that it comported with the standards. You said that there was no place to file it, but yet you expect the government to have these magic words where they did everything precisely and literally. And I'm asking you to explain to me why we're supposed to one way extend a bit of practicality and a little bit of generosity in terms of strict conformance to your side, but not toward the government. So the answer is that's not actually what we're requesting. We're requesting that the rules be applied in situations. If I look on the docket, will there be a notice of appearance? You will not see a notice of appearance because you won't see a docket. Exactly. Right. And that's the reason why you won't see a notice of appearance. But the rules with respect to service, which is 150 as it applies here, don't speak of dockets. So just as the notice of appearance rules for attorney, so that's 102D2 versus 102D1. So if they had done things properly, would you have accepted service? Is there anything stopping them from handing you something right now and then making this matter go away? As counsel of record. Right. As counsel of record. Could they hand you the subpoena right now and now we're done and we can go home? So the answer to that is no because what they attempted to do, and you can see this from page 167 of the record, and particularly paragraph 28 of Mr. Lansman's declaration, the SEC made a determination that it was going to serve or try to serve Mr. Kwan, and it was going to try to do that at the convention that he was attending in New York City. There was never an intention to try to serve counsel. Okay, but he was found in the district. He was found in the district, found, a term of art in our law. Although not, although, and this is the difference between 1782, for example, in the Edelman case that is cited by the SEC where found is part of the statute. The rules don't, the SEC rules at issue here don't relate to or don't say if someone is found in. It says very pointedly that if someone is represented by counsel, and there really isn't a question here that Mr. Kwan and TFL were represented by counsel. The SEC acted as if that was the case. The SEC in drafting the proffer letter that's part of the record identified Denton's as counsel for Mr. Kwan and TFL and conducted itself for a period of four months as if, as if Denton's was counsel. Okay, but then again, I hope that I am over reading, but I suggest, or at least I'm hearing a bit of precision with your words that are making it hard for me to understand what is actually going on. Are you saying that if they served you right now, your counsel, if they handed you the subpoena right now, we could go home because then they would have been properly served? No. Okay, but if that's not the case, then how are we in this impossible loop where they can't serve your counsel or they can't serve your client because you say they have you, but then they can't serve you because you won't accept it? So there are three, it's a three-part answer, and I want to get to that because there's some important facts that I think address Your Honor's question directly. There is, in the context of a situation where there's someone, where there are entities that are cooperating voluntarily through counsel who have appeared, there are three things that the SEC could do. One is they could get an order under Rule 150B, and they didn't do that, and there's no question that they didn't do that. Two is they could ask counsel, will you accept this? And then what would happen is exactly. So we're here because they have not asked you? Correct. Will you accept it? That's correct. It never happened. The failure to ask it vitiates the service? Well, first of all, it was never, there was never something, and if you look at page one. Just answer my question. Does the failure to ask vitiate? Yes, because it's not actually service. What happens is you have to ask counsel who then asks the client. Now let me ask another question. Standing here as an officer of the court, are you authorized to accept service on behalf of your client? I'm not. I'm not. Were you authorized to accept service on behalf of your client on the day that he received service, the subject of this matter? No, because we weren't required to be by the rules. I didn't ask you that. I asked you a simple fact. So you're telling us now that at the time that they served him, you were not authorized to accept service. Correct. We can take that and we'll note that as your concession in the record. Correct. Fair enough. I need you to address to 150B. So I need you to talk about 150D1, which says handing a copy to the person required to be served as good service. Well, so that, and that's why we cited the Badgero case in the reply brief, because you have to look through the entirety of Rule 150. Rule 150A says when service is to be done. B says who, and that's the part that's at issue here. C and D describe how and when it's complete. So I have it right in front of me. Who am I going to believe, you or my own eyes? It says you can hand it to the person required to be served. Right, but what 150D specifies is when otherwise lawful service, otherwise effective service, is complete. It doesn't say what is required for that. That's what 150B talks about. And accepting the SEC's view regarding 150D would essentially read B out of the rule. And that's not the way statutory construction is done. It's not the way regulatory construction is done. And if I could just address the third. You've got time for rebuttal. Are my colleagues done at this point? Yeah. My concern, by the way, is just the third point is I don't want to be accused. I just don't want to be accused of laying behind a log. That's my only point. We'll hear you on your comments. Thank you. May it please the Court. Eric Ryker on behalf of the Securities and Exchange Commission. Hand service of the subpoenas to Kwan while he was in New York, promoting Terraform and its products, including the mirror protocol, constituted valid service under the commission's rules of practice. And even if appellants were correct that service on Kwan was ineffective because Rule 150B required service on counsel, the commission properly served counsel via e-mail the very same day. But it allows service on counsel who has filed a notice of appearance. Correct, Your Honor. A notice of appearance, as I understand it, would require counsel to accept service. That's the point of it. Yes, that is correct. And because they did not agree to accept service, they did not file a notice of appearance pursuant to Rule 102, and therefore the commission was free to serve Kwan directly. So they posit an absurdity. They can't accept service and you can't hand it to Mr. Kwan. That doesn't seem right. That is our position. We agree. That is clearly not what the rule says. That is clearly not the intent of the rule. But the rule also provides that you can go and get permission from the commission to serve him directly. So what's the meaning of that? Why is that there other than to deal with this kind of situation where you don't have an appearance or you don't know the status of the ability of counsel to accept service? And I realize that normally this seems to anticipate that there's an ongoing SEC proceeding, whereas this was at an investigative stage. But I've got to presume that this happens with some regularity. Why is the out to go to the commission saying nobody's appeared, we don't know if they're going to accept service, so we want to serve Kwan first? Because under the terms of Rule 150B, it's not required because there had been no notice of appearance. The ability to go to the commission comes where counsel has filed a notice of appearance. So the permission from the commission is even though there's a notice of appearance, you seek to serve the individual personally as opposed to counsel? Correct. Correct. And it's the same as in Rule 150B. Normally once counsel has made a notice of appearance and agreed to accept service, in the vast majority of cases, you go to counsel. But for various reasons, there may be a unique circumstance where there's a reason to serve someone directly, and that's why there's that fail safe. If you look at the rule, it does not say that you have to get an order from the commission. That's what they make even clearer in the reply brief. Their position is that the commission, in order to be able to affect service here, had to go to the commission. But Rule 150B says unless the commission orders otherwise, and there's no dispute here that the commission did not order otherwise. And more fundamentally, when we're talking service, throughout their brief, they say, for example, on page 7, and I quote here, Rule 150B applies to parties represented by counsel, end quote, and since appellants were represented by Dentons, the rule applies. But that's not what the rule says. It applies, it does not say it applies to all represented parties. It applies, and I quote here, upon a person represented by counsel who has filed a notice of appearance pursuant to Section 201.102. Appellant's argument here completely reads out the last half of that phrase, filed a notice of appearance pursuant to Section 201.102. And I want to address the idea that appellants raised that our argument makes a nullity of the requirement that Rule 232C says that the rules apply to investigative subpoenas, Rule B through D, not just Rule B, Rule B through D, and that's not true because there are circumstances, as we cite in our brief, under Rule 230G, that there will be investigative subpoenas that are served when there is a docket, there is a clear place to make a filing, and in the Ferrer case specifically, that is what occurred that the, in that circumstance, the filing would be made towards the counsel. That is enough to avoid Rule 232C's reference to Rule 150B, a nullity. There is meaning in the context of investigations, and that's all that's needed to be able to comport with normal statutory interpretation precincts. Unless there are other things on service that you'd like me to address, I'll move on to jurisdiction. First of all, Kwan was served here. As Your Honor mentioned, he was found in the district. Now, appellants tried to distinguish the Edelman case because that was under Section 1782, but Edelman recognized that the Supreme Court case, Burnham v. Superior Court, 495 U.S. 604, clearly held that service of nonresident within the jurisdiction conveys jurisdiction over that person found here. It is in no way limited to 1782. An additional case from this circuit is Kadich v. Karadich, 70 F. 3rd, 232. Again, the fact that Kwan was found here is in and of itself enough for jurisdiction over him. But you have specific jurisdiction over Kwan, you claim, not general jurisdiction, right? Specific jurisdiction because you served him. Correct. And what about the corporation? Even without being Kwan, for both Kwan and Terraform, there are more than sufficient contacts to warrant exercise of specific jurisdiction. Who does the corporation serve? Via Kwan. Kwan is the founder and CEO. So what, when you serve him, you've also served the corporation? Correct. So we are not, just to be clear, we are not arguing that the fact that Kwan was served in New York is what gives us jurisdiction over the company. It was valid service, but we still have to show there is jurisdiction.  For example, both Kwan and Terraform extensively promoted the mirror protocol and the M assets through the U.S. media, through interviews, on their website. Terraform has more than... May I ask about the decentralized nature of this currency? Yes. Does the fact that it involves users that are potentially everywhere and that they have no control over, does that change the calculation or the analysis? Well, they do still have significant control. One, they created the mirror protocol. It runs on the Terraform blockchain. They still have to take affirmative steps to maintain the protocol. They have taken affirmative steps to have the mirror tokens, those are the governance tokens, to have them listed on a U.S. trading platform. They have made contractual sales of the mirror tokens. They have entered into other contractual agreements with U.S. entities. So they have... Did you say some decisions are made by the community? Who is the community? The community... So, for instance, if I want to create a new M asset of any Nike stock, although that already exists, I would stake some mirror tokens that I own and say, I want to have this be created, and then the community would vote on that. So, for instance... Who are they? It's whoever holds the mirror tokens. Those are the governance tokens, and evidence in the record shows that about 15% of the users of the mirror protocol are from the United States. So it is not exclusively United States users, but a significant portion of the users... Do they have a real vote? I'm sorry? Do they have a real vote, this community? Yes. Basically, the vote will be for a certain period of time, and you can vote yes, no, or abstain. I believe it's about 18% has to vote in one form or another for a quorum. And if it passes, then it would be instituted, yes. But many, many of the activities to maintain the protocol, to run the protocol are still undertaken by Terraform, and so it is... The ability to regulate is a separate calculation from whether they're present here, is it not? Because the presence here is whether they purposely availed themselves of the privilege of conducting activities in the state. Yes, yes, and we absolutely... So the question as to the corporation is, are they present? Correct. There's a broader question as to whether you have the authority to regulate them, because of the nature of the financial transactions and its diffusion across the world. But the question here for your authority to inquire- Correct. Is whether they purposely availed themselves, and you say the amount of business they do, the fact that he's around, that a number of their employees are from here and work here, their capitalization in terms of U.S. users, et cetera, established that they're purposely availing themselves of the United States to do business here? Yes, that's correct. And until their reply brief, they never took issue of the substantive. In fact, in their opening brief, I think it's page 2 in footnote 6, they acknowledge that whether their securities is not before the court. And the whole discussion in the reply brief about Morrison, Morrison is a merits issue, not a question of jurisdiction. Morrison was also overruled as to the SEC in 15 U.S.C. 78 A.A.B. S.E.C. V. Scoville, S.E.C. V. Marone, the Tenth and First Circuit, respectively, has said that. So the attempt to collapse the question of substantive securities law coverage and jurisdiction is misplaced. That's held for another decade. Exactly. Thank you so much, counsel. Thank you. I appreciate it. Sorry to take you over. And Mr. Henkin, you do have three minutes left. Thank you, Your Honors. And I wanted to get to the last of the three issues that I was going to describe in terms of what the SEC had available to it, because it's actually quite important for the purposes of this case. We mentioned in both our opening brief and the reply brief and before the district court that one of the things the SEC could have done was gone through a foreign regulator. If it didn't believe that it had the ability to serve a subpoena on TFL or Mr. Kwan, which is something it didn't do during the entire four months that preceded September of 2021, it could have asked a foreign regulator for assistance. Well, it didn't need to before the period of time you were cooperating with. Well, but at the point at which they decided that they thought they needed to do a subpoena, they also had the ability, if they didn't think that they could serve it without complying with Rule 150, they could have gone through IASCA. Is that an alternate avenue, rule of the avenue they chose? Well, it might. And that's the part that I need to be careful about what I say in open court. And we're in the somewhat unusual circumstance in which I am aware of a request to a foreign regulator that only came to our attention while this was being briefed, while this appeal was being briefed, and I only received permission to discuss it with the court at about 6.30 this morning. I am not, however, allowed to discuss it in open court. And Judge Wesley, to your question, because of the statute that governs the request that was made, it shines quite a bit of light on the question of what the SEC believed in 2021 about the effectiveness of the service of these subpoenas. However, because of the statutory circumstances in which that arises, what I would request is the ability to file a 28-J letter under seal. Yes, you can file a 28-J. And the other thing that I would ask is that we be allowed to have 500 words instead of 350 just so that we can explain the reasons for it being filed under seal. I think you will see that it is quite relevant to all of this. We'll file it today. Okay. And the government, do you have any objection to any of that? Well, it's going to be, will they get a copy? Of course. Yeah, absolutely. So let us, you'll be able to obviously respond. Okay. What is the time frame you'd like to respond? He says that he's filing it today. So you can have three days. Three days. Okay. Thank you. And also under seal if need be. Okay. And as to the, you know, and to get into the meaning of Rule 150B, that's why we cited to the SEC's brief in the Deloitte case. Judge Wesley, your decision in the AIG case from 2006 I think is directly on point when there's been a change of position. And the point that the SEC made in the Deloitte case is, in its brief in the Deloitte case, which is different from the no action letters that you talked about in the AIG opinion, it is an official position of the SEC, is that a notice of appearance is not required to be in any specific form. It's not required to be filed in a docket. It is just supposed to provide the notice of the issues that are set forth in 102D. And in this case, 102D2. And 102D2 does not require acceptance, an agreement to accept service. And what it most definitely doesn't do is require an agreement to waive personal jurisdiction. We've explained why the personal jurisdiction fails here. If the panel has any questions about that, I'd be happy to answer. Although I see I'm over time. We're over time. Thank you. Responsive papers Friday at 5. Okay. Thank you. So we have four motions on submission. And we have three cases on submission, the Bermudez v. Garland, Smart Move Tools, and United States v. Conley. Thank you so much to the clerk's office And the marshal and court service for keeping us all safe. I don't know if you oralists know that there takes a lot of people to make this work. And so we're very grateful for their service. And court is adjourned.